UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Kirk Cutler</u>


     v.                        Civil No. 13-cv-236-JD
                                     Opinion No. 2013 DNH 166

<u>Warden, New Hampshire</u>
<u>State Prison</u>


O R D E R

Kirk Cutler seeks habeas corpus relief under 28 U.S.C. § 2254 from his state court conviction and sentences for sexual assault on a minor.  In support, he asserts claims of ineffective assistance of counsel.  The warden moves for summary judgment, and Cutler objects.


<u>Standard of Review</u>

In habeas proceedings as in other civil cases, "[s]ummary judgment is proper if there is no genuine issue as to any material fact and the undisputed facts show that the moving party is entitled to judgment as a matter of law."  <u>Kuperman v. Wrenn</u>, 645 F.3d 69, 73 (1st Cir. 2011); <u>see also</u> Fed. R. Civ. P. 81(a)(4).  Unlike other civil cases, however, in a habeas case the state court's factual findings are presumed to be correct unless the petitioner demonstrates by clear and convincing evidence that the findings are erroneous.  28 U.S.C. §

2254(e)(1); <u>Robinson v. Thaler</u>, 2013 WL 5372537, at *3 (S.D. Tex. Sept. 24, 2013); <u>White v. Dickhaut</u>, 2011 WL 1085977, at *3 (D. Mass. Mar. 21, 2011).

<u>Background</u>

Cutler hired Attorney Mark Sisti to represent him after Cutler learned that he was being investigated based on statements made to the police by his girlfriend's minor daughter.  In September of 2009, Cutler was indicted on two counts of aggravated felonious sexual assault, one count of felonious sexual assault, and one count of misdemeanor sexual assault on a minor.  Trial was held in June of 2010.  He was found guilty on all counts.  He was sentenced on the felony convictions to five to ten years in prison with other sentences suspended, conditioned on good behavior and compliance with the terms of the sentencing order.

Cutler appealed, arguing that the trial court erred under the doctrine of verbal completeness in failing to admit evidence that when he gave his statement to the police, denying the minor's allegations, he offered to take a polygraph test.  The New Hampshire Supreme Court ruled that the statements in question did not create a misleading impression and that the trial court's decision was not an unsustainable abuse of discretion.

Cutler then petitioned for a writ of habeas corpus in state court. In support, Cutler argued under state and federal law, that Sisti had provided ineffective assistance by not advising him of his right to testify on his own behalf at trial, by failing to prepare him to testify at trial, by unilaterally deciding that Cutler would not testify, by failing to meet with and prepare witnesses for trial, and by failing to object to testimony introduced to impeach a witness who was favorable to the defense or to request a limiting instruction.

An evidentiary hearing was held on Cutler's habeas claims in state court. The court also reviewed the trial and sentencing hearing transcripts. Sisti, Cutler, and Cutler's former girlfriend, Kelly Lanseigne, testified at the habeas hearing.

The habeas court noted that the testimony of Sisti and Cutler was conflicting as to Cutler's demeanor at trial and that the trial transcript confirmed Sisti's version of events. Sisti testified that Cutler struggled to control his emotions, that after a sidebar Sisti admonished Cutler about his behavior, and that Cutler had stormed out of the courtroom on one occasion. Cutler denied the characterization that he was visibly upset at trial and testified that although he was not perfectly calm, he was far from angry.

3

The trial transcript showed that at the end of the first day of trial at a bench conference the prosecutor expressed concern about Cutler's behavior because Cutler was "'making outbursts or laughs.'"  Doc. 1-2, Habeas Order at 4.  Sisti agreed to speak to Cutler and stated that he did not want Cutler to act that way. On the second day of trial, before the jury entered the courtroom, the prosecutor again expressed concern about Cutler's behavior and recounted events from the day before when Cutler stormed out of the courtroom.  Cutler had spoken to Lanseigne who was waiting to testify and told her to go home.  He yelled "'the god damn liars'" at the detective involved in the case, and yelled going down the stairs.  Sisti responded that he was glad no jurors heard Cutler and that he had already spoken to him about his behavior.

The trial judge then addressed Cutler directly.  The judge told Cutler that he was satisfied that Sisti was "taking care of your attitude problems" and that if Cutler did not follow Sisti's advice the judge would take other measures which might mean that Cutler would be excluded from the courtroom.  The judge asked Cutler if he understood, and Cutler replied, "Yes, Your Honor."

The habeas court found that Cutler was not credible as to his behavior and demeanor at trial.  As a result, the habeas court found that Cutler's version of events involving Sisti's

representation was not credible and credited Sisti's testimony.
The court concluded that Sisti had not provided ineffective
assistance.  The New Hampshire Supreme Court declined Cutler's
notice of appeal on February 21, 2013.

Discussion

In support of his petition here, Cutler again claims
ineffective assistance of counsel.  Specifically, Cutler contends
that Sisti provided ineffective assistance by failing to inform
him of his right to testify on his own behalf at trial, by
failing to adequately prepare him to testify, by unilaterally
deciding that Cutler would not testify, and by failing to ask for
a limiting instruction for impeachment testimony.  Cutler argues
that the state habeas court improperly assessed his credibility
and made unreasonable factual findings based on an improper
credibility assessment rather than on the evidence presented.

Sixth Amendment ineffective assistance of counsel claims are
"judged by the standard set forth in Strickland v. Washington,
466 U.S. 668 . . . (1984)."  Harrington v. Richter, 131 S. Ct.
770, 780 (2011).  Under the Strickland standard, "[t]o succeed on
a claim of ineffective assistance of counsel, [Cutler] must
demonstrate both that trial counsel's performance was deficient
and that there was prejudice as a result."  Companonio v.

O'Brien, 672 F.3d 101, 110 (1st Cir. 2012).  Counsel's performance is deficient "only if no competent attorney would have acted as counsel did."  Id. (internal quotation marks omitted).  "Prejudice is established by showing that there is a reasonable probability that the trial would have had a more favorable outcome if trial counsel had acted differently."  Id.

The state habeas court relied on the New Hampshire standard for ineffective assistance of counsel, stating "Cutler must demonstrate 'first, that counsel's representation was constitutionally deficient and, second, that counsel's deficient performance actually prejudiced the outcome of the case'" and quoting State v. Hall, 160 N.H. 581, 584 (2010).  The New Hampshire standard "mirrors the Sixth Amendment standards articulated in Strickland v. Washington, 466 U.S. 668, . . . (1984), and is 'at least as protective' as Strickland."  Dugas v. Coplan, 428 F.3d 317, 325-26 (1st Cir. 2005) (quoting State v. Henderson, 141 N.H. 615, 618 (1997)).  Therefore, the state court's legal rulings are reviewed to determine whether they were an unreasonable application of the ineffective assistance standard.  Dugas, 428 F.3d at 327-28.  The state court's factual findings are presumed to be correct, and Cutler bears the burden of overcoming the presumption by clear and convincing evidence.  § 2254(e).

A. Credibility

Findings as to a witness's credibility are factual, subject
to the presumption provided by § 2254(e)(1).  Sleeper v. Spencer,
510 F.3d 32, 38 (1st Cir. 2007).  Therefore, to avoid summary
judgment, Cutler must provide clear and convincing evidence to
overcome the presumption that the state court's factual findings
as to Cutler's credibility are erroneous.  § 2254(e)(1); see
Collins v. Padula, 2013 WL 4510675, at *15 (D.S.C. Aug. 23,
2013).  Cutler has not provided such evidence.

Cutler argues that the habeas court erred in finding that he
was not credible because, contrary to the trial court's
assessment, Cutler accurately described his demeanor at trial.
Cutler quibbles about whether he was "angry" or "upset" during
the first day of trial and denies that he was visibly upset.[1]  He
parses the events at trial and states that the evidence supports
his view because his outbursts on the first day were laughter,
not angry.  He contends that the prosecutor was concerned about
him being disruptive, not angry.

As to the second day, however, Cutler acknowledges the
discussion in open court about his behavior and the admonishment
given to him by the trial judge.  He challenges the habeas

---

[1]He contends that he had a different perspective about his
demeanor because he was a truck driver.

7

court's statement, however, that referenced the trial court's
admonishment.   The habeas court stated: "Although Cutler might
not remember the contents of all his conversations with Sisti
during trial, it is unlikely that Cutler would fail to remember
an admonishment from the trial judge in open court."   Cutler
argues that his memory of the admonishment was not tested because
he was not asked if he remembered that exchange.

    Cutler misses the point.   The habeas court found Cutler's
description of his demeanor and behavior at trial not to be
credible because it conflicted with all of the other evidence.
The court noted that although Cutler's version of events might be
explained by a failure to remember Sisti's conversations with him
about his behavior, Cutler would not have forgotten the trial
court's admonishment given in open court.   In other words,
Cutler's testimony about his behavior was inconsistent with the
judge's admonishment of him for bad behavior, and denying the
behavior which caused the admonishment undermined Cutler's
credibility.

    The habeas court's factual findings on credibility are
presumed to be correct, and Cutler has not overcome that
presumption.

B.  Right to Testify

Cutler contends that Sisti was constitutionally ineffective because he did not adequately advise Cutler of his right to testify on his own behalf at his trial.  The state habeas court acknowledged a criminal defendant's absolute right to testify on his own behalf and that counsel's failure to advise a defendant of his right to testify could constitute ineffective assistance.  See, e.g., Owens v. United States, 483 F.3d 48, 58 (1st Cir. 2007); Lema v. United States, 987 F.2d 48, 52 (1st Cir. 1993) (citing United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc)).  The habeas court concluded, however, that Sisti had adequately advised Cutler of his right to testify.

The habeas court credited Sisti's testimony that he had reviewed with Cutler whether or not he should testify and did not credit Cutler's testimony that Sisti did not discuss testifying with him.  The habeas court found that "in his communications with Cutler, Sisti adequately advised Cutler of his right to testify."[2]  Doc. 1-2, at 7.  Because Sisti provided the required

---

[2]Cutler contends that the habeas court found only that Sisti discussed with Cutler whether he should testify but did not find that Sisti informed Cutler of his right to testify.  The habeas court's decision includes the quoted finding, however.  Further, because Cutler denied any discussion with Sisti about whether he would testify, which was contradicted by Sisti's testimony, Cutler was not credible.

advice, he did not provide deficient assistance with respect to the right to testify.  Therefore, there was no need to address prejudice.  See Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) ("A defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong.") (citing Strickland, 466 U.S. at 697).

The state habeas court's decision on the issue of ineffective assistance of counsel due to failure to advise Cutler of his right to testify was not based on an unreasonable determination of the facts and was not contrary to nor an unreasonable application of clearly established federal law.

C.   Preparation to Testify and Decision Not to Testify

Cutler also contends that Sisti did not prepare him to testify and unilaterally decided that Cutler would not testify in violation of his right to testify.  "'Unaccompanied by coercion, legal advice concerning exercise of the right to testify infringes no right [under Strickland], but simply discharges defense counsel's ethical responsibility to the accused.'" Garuti v. Roden, 733 F.3d 18, 27 (1st Cir. 2013) (quoting Lema, 987 F.2d at 52)).  A criminal defense lawyer's advice as to whether the defendant should testify is "'a paradigm of the type of tactical decision that cannot be challenged as evidence of

10

ineffective assistance.'"  <u>Collind</u>, 2013 WL 4510675, at *17
(quoting <u>Carter v. Lee</u>, 283 F.3d 240, 249 (4th Cir. 2002)).

Cutler does not suggest that he was coerced into giving up
his right to testify or even that he asked to testify and was
refused.  Instead, Cutler argues that he could not exercise his
right because Sisti decided Cutler would not testify and did not
prepare him to testify.  In support, Cutler asserts that he only
met with Sisti three times during the year before his trial and
that he had no substantive discussions about his case at those
meetings.  He also asserts, based on telephone records presented
to the habeas court, that he called Sisti's office repeatedly but
had only short conversations on each occasion.  Cutler had an
expert witness testify at the habeas hearing that a competent
defense attorney would talk with his client about testifying,
coach him for testifying, and would attempt to overcome problems
with his client testifying.

Sisti testified that he met with Cutler a number of times
and went over the details of the case with Cutler.  He also
testified that on each occasion he could not get past the first
step of preparing Cutler to testify because Cutler could not talk
about the case without becoming angry.  Sisti was very concerned
about Cutler's ability to control his emotions if he took the
stand.  Despite those issues, Sisti testified that he did not

11

foreclose the option of Cutler testifying but waited to see how the trial went.

The state habeas court credited Sisti's testimony.  The court concluded that Sisti adequately prepared the case and appropriately made the decision about whether Cutler would testify based on how the trial went.[3]  The court concluded that Sisti reasonably decided that Cutler would present negatively to the jury, that he appropriately advised Cutler not to testify, and that Cutler agreed.  The court further noted that if Cutler had asked to testify, despite Sisti's advice, Sisti would have allowed him to do so.

Based on the state habeas court's factual findings, which Cutler has not shown are erroneous, Sisti did not provide deficient representation with respect to preparing Cutler to testify and making the decision as to whether he would testify. Again, in the absence of deficient representation, it was not necessary to consider prejudice.  <u>Knight</u>, 447 F.3d at 15.


D.  <u>Limiting Instruction</u>

Cutler contends that he was entitled to a limiting instruction after Lanseigne's testimony was impeached with her

---

[3]Cutler's argument that Sisti's testimony was internally contradictory is not persuasive and does not provide clear and convincing evidence that the habeas court's findings were wrong.

12

inconsistent statements made to the investigating detective who testified about the statements Lanseigne had made to him.  He argues that Sisti's failure to object to the detective's testimony and to request a limiting instruction was ineffective representation.  He also objects to summary judgment in favor of the warden on the ground that the state habeas court did not analyze this issue under the steps provided by Strickland.

Cutler is mistaken that the state habeas court was required to analyze his claim under Strickland.  When a state court decision fails to cite Supreme Court cases on point, a habeas petitioner will not succeed unless he can show that the reasoning or the result was contrary to clearly established Supreme Court precedent.  Dagley v. Russo, 540 F.3d 8, 16 (1st Cir. 2008); Knight, 447 F.3d at 12.  Therefore, to avoid summary judgment, Cutler must show that the state habeas court's decision "'applie[d] a rule that contradicts the governing law set forth in our cases' or ... 'confront[ed] a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrive[d] at a result different from our precedent.'"  Early v. Packer, 537 U.S. 3, 8 (2002) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

The state habeas court noted that when the prosecutor wanted to impeach the victim, Lanseigne's daughter, with the victim's

own prior inconsistent statements, Sisti requested "an on-the-spot jury instruction" before the prosecutor began questioning on impeachment.  The trial judge agreed and provided an instruction that explained how impeachment with a prior inconsistent statement works and that the testimony could not be considered as proof of the facts in the statement.  The trial judge also said that he would explain to the jury again at the end of trial how to consider inconsistent statements.

Later in the same day, the detective testified about statements Lanseigne had previously made to him, which were introduced to impeach Lanseigne's trial testimony.  Sisti did not request an instruction then, and none was given.  At the end of the trial, the next day, the trial judge gave an instruction on prior inconsistent statements.  In its decision, the habeas court concluded that the jury was adequately instructed on the issue of the use of prior inconsistent statements and that no additional instruction was necessary.

Cutler argues that the state habeas court did not properly apply Strickland because it did not decide whether he was prejudiced by Sisti's failure to request a limiting instruction for the detective's testimony.  The habeas court found that under the circumstances a limiting instruction was not necessary.  Therefore, Sisti's representation with respect to the impeachment

14

testimony was not deficient.  Further, if a limiting instruction was not necessary, as the habeas court found, Cutler necessarily was not prejudiced by the lack of that instruction.[4]

Cutler bears the burden of showing that the state habeas court's decision was based on an unreasonable determination of the facts or was contrary to or an unreasonable application of the <u>Strickland</u> standard.  He has not carried that burden.

Conclusion

For the foregoing reasons, the warden's motion for summary judgment (document no. 9) is granted.  The court declines to issue a certificate of appealability.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

December 3, 2013

cc:  William E. Christie, Esquire
     Elizabeth C. Woodcock, Esquire

---

[4]"To establish <u>Strickland</u> prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1384 (2012) (quoting <u>Strickland</u>, 466 U.S. at 694).